# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

JOSEPHINE FLYNN,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.

Case No. 11-CV-544-FHM

## OPINION AND ORDER

Plaintiff, Josephine Flynn, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits. In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment

for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 51 years old on the alleged date of onset of disability and 53 on the date of the ALJ's denial decision.  She has a general equivalency diploma and formerly worked as customer service representative.  She claims to have been unable to work since January 19, 2007 as a result of back pain due to status post spinal tumor removal and degenerative disc disease.

The April 1, 2009, denial of Plaintiff's July 7, 2007, application for disability benefits was reversed and remanded on appeal to the district court.  [R. 352-358].  Plaintiff filed another application for benefits which was granted with an onset date of April 2, 2009.  Therefore the period under review is the time from January 19, 2007 to April 1, 2009.  By decision dated June 30, 2011, Jeffrey S. Wolfe, United States Administrative Law Judge entered the findings that are the subject of this appeal.  [R. 290-302].

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) and 416.967(a), except she is able to lift and/or carry up to 15 pounds; stand and/or walk for a total of about 2 hours in an 8-hour workday and sit for a total of about 6 hours in an 8-hour workday, and can occasionally stoop.  [R. 297].  The ALJ found that Plaintiff has not been under a disability

2

because her past relevant work as a customer service representative does not require the performance of work-related activities precluded by Plaintiff's residual functional capacity. [R. 302-302]. The case was thus decided at step four of the five-step evaluative sequence for determining whether Plaintiff is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts the ALJ: violated her right to a hearing; considered evidence that is not a part of the record; failed to properly consider the treating physician's opinions; and failed to properly consider her credibility. She also asserts that the residual functional capacity assessment is not supported by substantial evidence.

## **Analysis**

### Hearing on Remand

Plaintiff contends that the ALJ violated her right to a hearing. After the district court remanded this case to the Commissioner, the Appeals Council entered an order remanding the case to an ALJ. The Appeals Council order included an instruction to the ALJ to offer Plaintiff an opportunity for a hearing. [R. 362]. The ALJ held a hearing on June 7, 2011. Plaintiff was present at the hearing and was represented by counsel. Testimony was taken from a vocational expert and the ALJ offered Plaintiff the opportunity to testify. There is, therefore, no factual basis for Plaintiff's claim that the ALJ violated her right to a hearing.

From the argument made in support of her contention that she did not receive a hearing, it appears that what Plaintiff is actually alleging is that the ALJ erred by failing to hold a supplemental hearing after the hearing held on June 7, 2011. At the June 7 hearing

3

the ALJ asked Plaintiff's attorney if she wanted to present Plaintiff's testimony and the following exchange occurred:

> ATTY: Well, I think the best thing would be to do, just from my perspective, it would be to see what Dr. Brown says and I'll over [sic] the questions I sent him, see what he says. If he answers those and you're satisfied with his answers, and possible approve her for the closed period. If not, hold a supplemental hearing so I can have her testify, have the doctor listen to her testimony. And then with her testimony in the record, opine to those limitations that would have existed during this period.
>
> ALJ: Okay. Today, I think we can, can do some hypothetical examinations to the vocational expert looking at the range of possibilities. That is if you assume Dr. Brown is a mild limitation, if you assume it's a moderate limitation. Or you can run the VE through the spectrum of possibilities, and that would give us ammunition to decide the case later on without the need of vocational testimony if we've already got that in place. In other words asking the what-if questions.

[R. 314-315]. The ALJ did not clearly agree to Plaintiff's proposal of a supplemental hearing, nor did he clearly reject the proposal and inform Plaintiff that the June 7th hearing would be her only opportunity to testify.

When Dr. Brown did not provide any more information about his previous opinion, Plaintiff's counsel sent a letter dated June 14, 2011 to the ALJ requesting a supplemental hearing.[1] [R. 457]. That letter does not request that Plaintiff be permitted to testify. Instead, it requests medical expert testimony. *Id*.

20 C.F.R. §§ 404.950(a), 416.1450(a) provide: "any party to a hearing has the right to appear before the administrative law judge . . . to present evidence and to state his or her position." The court finds that the ALJ violated these provisions when he failed to

---

[1] The ALJ incorrectly recites in his decision that no letter was sent. [R. 291].

either grant Plaintiff's request for a supplemental hearing or clearly inform Plaintiff at the June 7th hearing that it was her only opportunity to present evidence and state her position.

The court concludes, however, that the ALJ's violation was harmless. The case was reversed by the district court for the ALJ to consider and explain his findings concerning Dr. Brown. On remand the ALJ considered Dr. Brown's evidence and explained his findings. The case was not reversed to receive more testimony from Plaintiff. Plaintiff testified at the original hearing and on remand the ALJ considered that testimony.[2] The issue before the ALJ on remand was a closed period that ended on April 1, 2009, over two years before the date of the decision now on appeal. Plaintiff's testimony at the original hearing was closer in time to the closed period and Plaintiff made no assertion on the appeal of the first decision that her testimony was incomplete.[3] Further, Plaintiff has not identified any additional testimony she would have provided at a supplemental hearing.

The court finds that Plaintiff has not demonstrated that the ALJ's failure to conduct a supplemental hearing is a basis for remand.

### Consideration of Evidence Not Part of the Record

The ALJ who considered this case on remand is also the same ALJ who awarded Plaintiff benefits on her subsequent application. The ALJ cited some evidence from her subsequent claim as support for his findings in this case. Plaintiff claims that consideration of that evidence was error.

---

[2] The ALJ incorrectly recited in his decision that the Plaintiff testified at the June 7, 2011 hearing. [R. 2909].

[3] The undersigned decided the earlier appeal, 09-CV-584-FHM.

5

The court finds no fault with the ALJ's consideration of evidence from the second claim. In remanding the case to the ALJ, the Appeals Council instructed: "the Administrative Law Judge will consider the additional evidence submitted with the subsequent claim." [R. 362]. Plaintiff has not discussed the evidence considered by the ALJ or demonstrated that she was harmed by its consideration. Furthermore, it is often the case that evidence from a subsequent favorable application contains information that reflects on the relevant period. *See Allen v Commissioner of Social Security*, 561 F.3d 646, 654 (6th Cir. 2009)(remand under sentence six of 42 U.S.C. § 405(g) is appropriate for consideration of new substantive evidence in a subsequent favorable determination); *Chamberlin v. Astrue*, 2010 WL 3843031 (D.Colo.)(remand for further consideration in light of subsequent determination that Plaintiff is presumptively disabled).

<u>Consideration of Treating Physician's Opinions</u>

The case was remanded because in the first decision the ALJ gave "great weight" to the opinion of Plaintiff's treating physician, Dr. Brown, but did not address the apparent mental limitations Dr. Brown listed on a questionnaire. [R. 352-358]. The following reflects the information sought by the subject questionnaire and Dr. Brown's responses that were the subject of the remand:

> This patient's ability to do work related activities are outlined below:
>
> Concentration/Persistence – *no*
> Social interaction – *no*
> Adaptation – *no*

[R. 194] [italics indicates Dr. Brown's handwritten response]. The lack of discussion for these "no" answers was the reason for the previous remand.

6

On remand, the ALJ considered two alternatives. In one the ALJ considered and gave "no weight to Dr. Brown's statements of non-exertional limitations." [R. 297]. Under this alternative, the ALJ found that Plaintiff was not disabled. *Id*. Under the second alternative the ALJ gave Dr. Brown's statements about social interaction and adaptation "some" weight but found that those limitations were mild. The finding that Plaintiff was not disabled was unchanged. *Id*.

Plaintiff argues for remand because, although the ALJ discussed Plaintiff's alleged depression, adaptation, and social interaction, he did not discuss Dr. Brown's designation of "Concentration/Persistence – *no.*" Plaintiff states that there is information in the record that supports a finding of a decreased ability to concentrate. [Dkt. 15, p. 7].

The Commissioner argues that the ALJ's reasons for rejecting Dr. Brown's findings about social interaction and the ability to adapt pertain also to concentration and persistence. The court agrees.

The ALJ said he gave little or no weight to Dr. Brown's assessment of Plaintiff's "social interaction" or "adaptation" because these assessments were unsupported by Dr. Brown's own records and the medical evidence as a whole. [R. 299]. The ALJ noted that Dr. Brown's treatment focused on Plaintiff's low back pain, not any alleged mental condition. Further, there was no mental health treatment by a mental health professional throughout the relevant period. *Id*. The ALJ also noted that Plaintiff stopped working, not because she was unable to perform her job, but because her employer no longer paid for health insurance. [R. 300]. The ALJ found that the Disability Determination Service (DDS) opinion about Plaintiff's mental health was "well supported" by the evidence. The DDS

7

opinion was that Plaintiff had no limitation in concentration. [R. 219]. Furthermore, in performing the psychiatric review technique in the decision, the ALJ discussed the record in relation to Plaintiff's ability to concentrate and found that she had no limitation in that area. [R. 295]. So, although the ALJ did not discuss Plaintiff's ability to concentrate in relation to Dr. Brown's assessment, the ALJ clearly considered the ability to concentrate. The ALJ's consideration of the ability to concentrate demonstrates that substantial evidence supports the ALJ's rejection of Dr. Brown's finding of "no" ability to concentrate.

Based on the foregoing, the court finds that the ALJ's failure to discuss Dr. Brown's conclusory designation of "no" ability to concentrate is, at best, an arguable deficiency in the ALJ's opinion writing. The court finds that arguable deficiency had no practical effect on the outcome of the case and therefore does not present a basis for reversal. *See Keyes-Zachary v. Astrue,* – F.3d –(10th Cir. 2012), 2012 WL 4076114 *2-6 (applying harmless error analysis and stating where the court can follow the adjudicator's reasoning and can determine that the correct legal standards have been applied, the court will not insist on technical perfection); *Gay v. Sullivan*, 986 F.2d 1336, 1341 n. 3 (10th Cir.1993) (refusing to remand where technical omission in ALJ's decision-making process "if error, was minor enough not to undermine confidence in the determination of this case").

<u>Credibility Determination</u>

Plaintiff argues that the ALJ did not give reasons for not believing Plaintiff about her back pain and the problems it causes. The court finds that the ALJ gave adequate reasons for his finding that Plaintiff's back pain was not disabling.

The ALJ noted that the medical record indicated Plaintiff did not stop working because she was mentally or physically unable to do so. [R. 300]. He noted Plaintiff spent

her daytime hours caring for her two great grandchildren. *Id*. The ALJ noted that Plaintiff's treating physician offered an opinion about her ability to sit, stand, walk, lift, carry, and handle objects. [R. 301]. The RFC incorporated those abilities. The ALJ also incorporated by reference the discussion of Plaintiff's RFC contained in the decision dated April 1, 2009. [R. 15-18, 298]. The court finds that the ALJ thus properly linked his credibility finding to the record, therefore the undersigned finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination. *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005)("Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence").

## Conclusion

The court concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence. Therefore the Commissioner's denial of benefits is AFFIRMED.

SO ORDERED this 19th day of October, 2012.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

9